**SHAVER et al. v. GEORGE E. DARSEY & CO. et al.**

**No. 2809.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 22, 1935.

Rehearing Denied Nov. 27, 1935.

H. G. Gwinnup and Fogle & Holden, all of Houston, for appellants.

D. A. Nunn, S. A. Denny, and J. W. Young, all of Crockett, and R. H. Whilden, of Houston, for appellees.

WALKER, Chief Justice.

On the 17th day of November, 1931, G. W. Shaver and wife, Hattie Shaver, by two instruments in writing, in form warranty deeds, conveyed to J. E. Darsey & Co., "a firm composed of," naming the constituent members, 1,781.2 acres of land, on the recited consideration of the assumption by the grantee of the indebtedness against the land held by Federal Land Bank of Houston, Tex., in the amount of $15,728.88, and a recited cash consideration of $14,415.92. The "cash consideration," except for the sum of about $200, which was in fact paid in cash, represented a pre-existing indebtedness held by the grantee against G. W. Shaver. Though these deeds recited that George E. Darsey & Co. was a partnership, it was, in fact, a private corporation. Concurrently with the execution and delivery of the deeds, George E. Darsey & Co. and G. W. Shaver mutually executed, delivered, and accepted the following instrument:

"The State of Texas, County of Houston.

"This agreement entered into this day between Geo. E. Darsey & Co., party of the first part, and G. W. Shaver, party of the second part, witnesseth:

"That the said Geo. E. Darsey & Co. do hereby agree that the said G. W. Shaver, shall have the privilege of making contracts for royalty, and making oil leases, upon all those certain tracts or parcels of land conveyed by G. W. Shaver to Geo. E. Darsey & Co., as shown by deeds dated this the 17th day of November, 1931, the lands known as the Calhoun land, and the Holstein farm, including herein all lands conveyed in said deeds, during the term of two years from this date, with the understanding that all sums arising from any such leases or royalty conveyances shall be paid to Geo. E. Darsey & Co., and applied on the indebtedness of the said G. W. Shaver to said Geo. E. Darsey & Co. In case such

sums arising from any such conveyances shall be sufficient to pay the indebtedness due by the said G. W. Shaver to said Geo. E. Darsey & Co., including interest, or any further sums which may become due by him to said Geo. E. Darsey & Co., then the said Geo. E. Darsey & Co. shall reconvey the said lands to the said G. W. Shaver. It is contemplated that such debts shall include the taxes due and to become due, and any charge for operating the farms · on such lands during the said two years period, and all payments which said Geo. E. Darsey & Co. may make to the Federal Land Bank of Houston upon the indebtedness due said Bank. The said G. W. Shaver shall have the right to pay any balance due said Geo. E. Darsey & Co. within said period of two years, in case such lease money and royalty · sales shall not be sufficient to pay the entire indebtedness due said Geo. E. Darsey & Co. It is contemplated and hereby agreed that said Geo. E. Darsey & Co. shall be conferred with by said G. W. Shaver in making such leases and royalty deals, and sales prices shall be agreed to by the parties making this agreement. The party of the first part acting herein by its President, W. G. Darsey, and Geo. E. Darsey, Secretary.

"Witness our hands this the 17th day of November, 1931.

"Geo. E. Darsey
"By W. G. Darsey, President,
Party of the First Part
"G. W. Shaver,
Party of the Second Part.
"George E. Darsey, Jr., Secretary. (LS)."

G. W. Shaver died in February, 1933; this suit was filed the 21st day of July, 1934, by his widow and children and Harry Guinnup, to have the warranty deeds executed by G. W. Shaver and wife to George E. Darsey & Co. construed as a mortgage, pleading an offer to pay any balance due on the indebtedness which was part of the consideration for the deeds. Shell Petroleum Corporation was made a party defendant, as claiming some interest in the land. George E. Darsey & Co. answered, pleading that the transaction was a conditional sale and not a mortgage, and prayed that the plaintiffs recover nothing against it, and that it go hence without day and recover its costs. There was no pleading or prayer that the written instruments be reformed to express the contract in fact made by the parties. Shell Petroleum Corporation pleaded innocent purchaser. On trial to the court without a jury judgment was rendered for the defendants. Conclusions of fact were filed to the effect that the instruments were executed and delivered as conveyances of title, and not as a mortgage. The evidence received by the court on the allegations of appellees' answers was sufficient to support the fact conclusions.

## Opinion.

.The three instruments before us must be construed together as constituting one contract. When thus construed, by their own terms, they constitute a mortgage as a matter of law. By the express terms of these instruments, the original indebtedness due by G. W. Shaver to George E. Darsey & Co. was never canceled but was carried forward in its original form, on its original interest rate; and, further, the instruments were to secure "any further sums" that G. W. Shaver might become indebted to George E. Darsey & Co., naming specific items covered by the protection given to these instruments. These instruments also provided for a basis of accounting between the parties during the two-year extension period granted G. W. Shaver. It is significant that the written instrument executed by the parties to express their certain intent did not stipulate that G. W. Shaver should have the right to repurchase the land, but ·that George E. Darsey & Co. should "reconvey" the land to the grantors. By their own terms being a mortgage, evidence was not admissible to construe them into a deed.

The judgment of the lower court is reversed and the cause remanded for a new trial that appellees may have an opportunity to amend their answers by pleading and praying for a reformation of the instruments to conform to the real intention of the parties. As the case must be reversed for the reasons stated, the issues of innocent purchaser can be disposed of upon another trial and, therefore, the judgment as to Shell Petroleum Company is also reversed and remanded.